**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4155**

———————————

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

         v.

ERIC SCOTT PENNINGTON,

                  Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, Chief District Judge.   (2:13-cr-00034-JPB-JSK-5)

———————————

Submitted:  October 29, 2014        Decided:  November 14, 2014

———————————

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mark K. McCulloch, BROWNSTONE, P.A., Winter Park, Florida, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Scott Pennington pled guilty to possession of pseudoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (2012). Pennington raises several objections to his conviction and sentence. We affirm.

Pennington first argues that the magistrate judge lacked statutory authority to accept his guilty plea, suggesting that we depart from our holding in United States v. Benton, 523 F.3d 424, 429, 433 (4th Cir. 2008). However, any such change would have to be made by the full court sitting en banc. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

Next, Pennington argues that the magistrate judge should have ordered a competency hearing sua sponte before accepting the guilty plea due to Pennington's mental disabilities. A district court is required to order a competency hearing sua sponte "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (2012). We have recognized, "[h]owever, [that] there are no fixed or immutable signs which invariably indicate the need for further inquiry to

determine fitness to proceed." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). Our review of the plea colloquy leaves us without doubt that Pennington was capable of understanding the nature and consequences of the proceedings and assisting properly in his own defense. Accordingly, we conclude that the magistrate judge did not abuse his discretion in declining to order a competency hearing sua sponte.

Pennington also argues for the first time on appeal that the Government breached the plea agreement by failing to request a sentence reduction for acceptance of responsibility. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing plain error standard of review). The Government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). Because the plea agreement conditioned the Government's duty to request such a reduction on the probation officer's recommendation and on Pennington's compliance with the conditions of his release on bond, that duty did not arise here. Therefore, we conclude that the Government did not breach the plea agreement.

Finally, Pennington challenges the district court's imposition of a three-level sentencing enhancement for creating a substantial risk of harm to human life. U.S. Sentencing

3

Guidelines Manual ("USSG") § 2D1.1(b)(13)(C)(ii) (2013). Although he contends that the court violated Fed. R. Crim. P. 32(i)(3)(B) by failing to resolve the dispute surrounding the enhancement, our review of the record convinces us that the enhancement was uncontested at the time of the sentencing hearing and that the district court was not obligated to mention it when summarily adopting the presentence report. See id. 32(i)(3)(A). Moreover, contrary to Pennington's assertion on appeal, the district court did not plainly err in imposing the substantial risk enhancement in light of Pennington's relevant conduct.[*] See USSG § 1B1.3(a)(1) (defining relevant conduct); see also Henderson, 133 S. Ct. at 1126-27 (stating standard of review); Gall v. United States, 552 U.S. 38, 51 (2007) (discussing appellate review of sentences).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent Pennington suggests that counsel performed deficiently in failing to contest the substantial harm enhancement, we decline to review this issue on direct appeal. See Benton, 523 F.3d at 435 (providing standard).

4